speed at 20 miles an hour. It was the function of the trial court to weigh the evidence, and we are not at liberty to throw out of the case the evidence of unimpeached witnesses, like defendant's conductor, merely because a possible inaccuracy may be discovered in his computation as to the time occupied by defendant's car in traveling the two blocks which separated it from plaintiff's wagon immediately before the collision. It cannot be asserted on this record that the judgment is against the weight of evidence, and I advise an affirmance.

---

### SELIGMAN v. ROSENZWEIG.

#### (Supreme Court, Appellate Term. March 26, 1906.)

TORTS—RECOVERY OF ATTORNEY'S FEES—LIABILITY OF UNSUCCESSFUL PARTY.
> The successful plaintiff in an action may not maintain an action against the defendant in the former action for the fees plaintiff paid his attorney in such former action.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Sigmund Seligman against Charles S. Rosenzweig. From a judgment for plaintiff, defendant. appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Moen & Kilbreth, for appellant.
D. W. Steele, Jr., for respondent.

NEWBURGER, J. A careful reading of the record fails to disclose upon what theory this action was brought or the judgment rendered. Plaintiff brought an action against this defendant for the recovery of certain insurance policies, which resulted in his favor for the return of the policies and costs of the action. . Subsequently this action is brought to recover the sum of $50 for moneys paid out by the plaintiff to the lawyer who appeared for him in the action against this defendant, brought to recover the insurance policies.

A mere statement of plaintiff's claim should have resulted in the dismissal of the complaint.

Judgment reversed, and judgment of dismissal on the merits directed, with costs of appeal and of the court below. All concur.

---

(50 Misc. Rep. 622)

#### FISHER v. NEW YORK CITY RY. CO.

#### (Supreme Court, Appellate Term. March 26, 1906.)

STREET RAILROADS—COLLISION WITH TEAM—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
> Evidence in an action for collision of a street car with a team *held* insufficient to authorize a finding of freedom from contributory negligence.
> [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 250.]

O'Gorman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by John H. Fisher against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

James L. Quackenbush, for appellant.

George Hahn, for respondent.

NEWBURGER, J. This action is brought to recover damages for injuries to property caused by the negligence of defendant in operating its railroad on Columbus avenue. The plaintiff's driver testified that on September 20, 1905, at about 8 o'clock at night, he was driving a one-horse covered wagon, unloaded, through 107th street, and, as the rear wheel was passing the east rail of the east track, it was struck by a north-bound car on Columbus avenue. He says he was coming out of 107th street, and looked around to see if he saw a car. He could not see any, and continued on driving across the west roadway, across the south-bound track, the intervening space, and on the north-bound track, and while crossing the north-bound track the car struck his vehicle. He further testified that he never saw the car, was not even aware of its approach, until it struck his wagon and upset him. He admitted on cross-examination that he had an unknown woman in the wagon with him. The wagon was caught between the front of the car and an elevated pillar. The only other witness called by the plaintiff was an officer, but who testified that he was not present when the accident happened. The defendant called three witnesses, including a police officer who was present and saw the accident. He it was who first brought out the fact that the driver of plaintiff's wagon was accompanied by an unknown woman. He further testified that the plaintiff's horse was moving at a slow jog, and that when the horse and wagon appeared on the north-bound track the car was perhaps 20 feet away. He heard the motorman shouting, and observed him putting on his brake.

The evidence wholly failed to show freedom from contributory negligence on the part of the plaintiff, and, as it has been said in this court (Hebron v. New York City Railway Co. [Sup.] 94 N. Y. Supp. 342), "unless the rule that there must be proof of freedom from contributory negligence on plaintiff's part is to be disregarded, this judgment cannot stand."

Judgment reversed, and new trial granted, with costs to appellant to abide event.

SCOTT, P. J., concurs. O'GORMAN, J., dissents.